PARKER, Acting Chief Judge.
Thomas Carson appeals from the final summary judgment entered for Fishtail Marine of Naples, f/k/a Naples Boat Mart (Boat Mart), in this contract dispute. Boat Mart cross appeals the trial court’s order denying its motion for change of venue. We affirm the final summary judgment; thus, rendering the venue issue in the cross appeal moot.
In 1993, Carson located a boat for sale, which was listed for sale by Boat Mart in the Boat Trader. Carson examined the boat and advised Boat Mart that he would purchase the boat subject to the following conditions: (1) a marine survey, that Carson would arrange; (2) an out-of-the-water inspection; (3) an engine inspection; and, (4) an U.S. Coast Guard inspection and approval of the boat for commercial use. Nine days later, Carson’s marine surveyor examined the boat and listed numerous problems. Carson gave Boat Mart the written survey, and Boat Mart agreed to make the necessary repairs. Thereafter, Boat Mart faxed a preprinted form, signed by a Boat Mart salesman, to Carson detailing the boat’s description, optional equipment to be included, the price of the boat, taxes, and other costs.
One month later, Carson returned to Boat Mart to inspect the boat again. Carson took the boat for a sea trial, at which time he found numerous problems. Boat Mart agreed to make the necessary repairs and accepted a $1000 credit card deposit for the boat’s purchase. However, the sale still was contingent upon the Coast Guard inspection and approval. Three days later, Boat Mart faxed a similar preprinted form containing all of the handwriting from the first faxed document, signed by a Boat Mart salesman, fist-ing the necessary repairs and a net price of $18,378, which was less than the one fisted on the first fax transmission. Carson did not sign the preprinted form or verbally acknowledge receipt. Five days later, Boat Mart canceled the sale, credited Carson’s charge account, and advised Carson that they could not repair the boat problems and sell the boat at the price fisted on the contract form. Thereafter, Carson filed a two-count complaint alleging that Boat Mart breached the oral contract for sale or, in the alternative, that Boat Mart breached the written contract for sale.
The order which granted summary judgment in favor of Boat Mart does not disclose the basis of the trial court’s reason for granting the motion. However, it appears from the trial court’s oral pronouncement at the hearing that the trial court concluded that there was never a contract because, whether oral or written, the sale of the boat was subject to certain conditions being met. Accordingly, the trial court reasoned that there was never an enforceable contract.
We conclude that this case is controlled by Sun Bank of Tampa Bay v. Bryan, 527 So.2d 290 (Fla. 2d DCA 1988). In that case, this court concluded that the established case law in Florida is that, “[a] written document, complete on its face and delivered to one of the signatories, does not become an enforceable contract if it was delivered subject to a condition or with a reservation until that condition is satisfied.” Id. at 293.
In this case, neither party disputes that the condition left unsatisfied in this sale was an inspection by the Coast Guard and their *1224 approval of the boat for commercial use. Because there is no genuine issue as to any material fact in this case, Boat Mart is entitled to judgment as a matter of law because there was no enforceable contract until all of the conditions were satisfied. Fla.R.Civ.P. 1.510(c).
Affirmed.
ALTENBERND, J., concurs.
PATTERSON, J., dissents with opinion.